COURT OF COMMON PLEAS
FRANKLIN COUNTY, OHIO

| | | |
|---|---|---|
| AC STRIP, RECEIVER FOR<br>CBCA ADMINISTRATORS, INC.<br>575 South Third Street<br>Columbus, OH 43215 | :<br>:<br>: | 10 CVC 01 00769 |
| Plaintiff, | : | |
| -vs- | : | CASE NO.: |
| THE LOGE GROUP, LLC<br>c/o Corporation Service Company<br>2711 Centerville Road, Suite 400<br>Wilmington, DE 19808 | :<br>:<br>: | JUDGE HOLBROOK |
| | : | <u>JURY DEMAND ENDORSED<br>HEREON</u> |
| DONALD TRUDEAU<br>c/o Loge Group, LLC<br>Clearwater House<br>2187 Atlantic Street<br>Stamford, CT 06902 | :<br>:<br>: | |
| | : | <u>COMPLAINT</u> |
| SIMIONE MACCA & LARROW, LLP,<br>c/o Carmen J. Macca, Managing<br>Partner<br>175 Capital Boulevard<br>Rocky Hill, CT 06067 | :<br>:<br>:<br>: | |
| | : | |
| CARMEN J. MACCA<br>c/o Simione Macca & Larrow, LLP<br>175 Capital Boulevard<br>Rocky Hill, CT 06067 | :<br>: | |
| Defendants. | : | |

CLERK OF COURTS-CV
2010 JAN 19 PM 2:00
FILED COMMON PLEAS COURT FRANKLIN CO. OHIO



EXHIBIT A

For his complaint against defendants The Loge Group, LLC ("Loge Group"), Donald Trudeau ("Trudeau"), Simione Macca & Larrow, LLP ("Simione Macca") and Carmen J. Macca ("Macca"), plaintiff AC Strip, Receiver (hereafter the "Receiver") states the following:

1. Plaintiff AC Strip was appointed Receiver for CBCA Administrators, Inc. ("Administrators") by an Order Appointing Receiver issued by the Franklin County Court of Common Pleas and filed on June 11, 2008. The Receiver is charged with operating Administrators in the best interests of the creditors of the company, pursuing claims on behalf of the company and liquidating its assets.

2. Administrators is a corporation organized under the laws of the State of Delaware and is headquartered in Franklin County, Ohio. Administrators is in the business of serving as a third-party administrator for health care benefits for its clients. Administrators' clients are employers who maintain self-insured health insurance programs for their employees.

3. Defendant Loge Group is a limited liability company organized under the laws of the State of Delaware and is based in Stamford, Connecticut.

4. Defendant Trudeau is a resident of the State of Connecticut and is the Managing Member of Loge Group.

5. Defendant Simione Macca was organized under the laws of the State of Connecticut as a limited liability partnership comprised of certified public accountants to provide accounting services to clients.

6. Defendant Macca is an individual resident of the State of Connecticut and is the managing partner of Simione Macca. Defendant Macca was also the principal accountant responsible for audits of Administrators performed in various years.

7. This Court has jurisdiction over defendants Loge Group and Trudeau based on the actions described in this complaint to improperly transfer assets from Administrators to Loge Group and Trudeau without fair consideration and activities of both defendants, which took place in Franklin County, Ohio. The Receiver seeks to recover the assets for the benefit of the creditors of Administrators.

8. This Court has jurisdiction over defendants Simione Macca and Macca based on their actions described in this complaint in performing audits of the financial records of Administrators by sending representatives to Franklin County, Ohio to perform the auditing functions and by failing to report the activities of defendants Loge Group and Trudeau in their various audit reports.

9. Venue is proper in this Court based on Ohio Civil Rule 3(B)(3).

## FACTS

10. The Receiver assumed control of Administrators in June 2008 and immediately began an investigation of the finances of the company.

11. Over the course of his investigation, the Receiver noticed discrepancies and suspected that funds had been removed from Administrators under suspicious circumstances.

12. The Receiver engaged a firm of forensic accountants to review the books and records of Administrators. Among the discrepancies found by the forensic accountants, were the following:

    a. Based on a merger of two affiliates of Administrators (CBCA, Inc. and The Loge Group, LLC), which took place in October 2004, an amount was incorrectly booked as an inter-company balance due from Administrators to Loge Group. This error increased Administrators' balance due to related companies by

3

$1,760,000. Administrators received no benefits as a result of this merger, and the increase in its inter-company payable to affiliated companies was clearly an accounting error.

b. Also in October 2004, the inter-company balance due from Administrators to Loge Group was increased by an additional $1,600,000. This increase in the inter-company payable was based on two transactions, the transfer of $1,000,000 from Administrators to an affiliate, CBCA Pharmacy Benefits Management Co., and a contribution of $600,000 made by Loge Group to Administrators to cover healthcare claims. Both of these transactions were erroneously booked as increases in Administrators' inter-company payable account. But, in fact, neither of the transactions should have increased the inter-company obligations of Administrators.

c. In a series of transactions Loge Group contributed $500,000 to Administrators in December 2004, another $500,000 in January 2005 and $685,000 in March 2005 to cover operating costs at Administrators. These transactions were initially booked as contributions to capital, but were later improperly changed to inter-company loans, thereby increasing once again the amount due by Administrators to related companies. There are no supporting documents to show that these contributions should be treated as loans, rather than contributions to capital.

d. In June 2006, Administrators sold an affiliated company and received cash. Almost immediately, Loge Group improperly removed the sum of $3,247,036.81 from Administrators, and reduced Administrators' inter-company balance by that amount. However, because the inter-company balance due by Administrators

4

was already over-stated, the removal of said sum from Administrators was without any basis in accounting or law.

   e. Simultaneous with the removal of funds in June 2006 from Administrators, on information and belief, defendant Loge Group then made a significant transfer of funds to defendant Trudeau.

13. Based on the investigation conducted at his request, the Receiver has concluded that defendants Loge Group and Trudeau conspired to loot the assets of Administrators and improperly transferred funds from Administrators to Loge Group for the benefit of defendants Loge Group and Trudeau.

14. Defendants Simione Macca and Macca were engaged to perform audits of the financial records of Administrators for the years 2006 and for the following years. As auditors for Administrators, these defendants had a duty to identify accounting errors and improprieties, and further, to recommend corrective action by Administrators. At a minimum, defendants Simione Macca and Macca had a duty to identify improper financial transactions.

15. Defendants Simione Macca and Macca were or should have been aware that there was no basis in accounting or law for the removal of over $3 million from Administrators in June 2006 by defendant Loge Group and the subsequent transfer of substantial funds by Loge Group to defendant Trudeau.

16. Rather than identify the errors in Administrators' financial records, defendants Simione Macca and Macca intentionally raised no objections and gave Administrators "clean" audit reports.

5

17. In addition to the fees paid for the audits, the Receiver believes that the failure of defendants Simione Macca and Macca to properly audit the financial records caused Administrators to file incorrect audit reports with the various regulators in the states in which Administrators is licensed.

## COUNT I

### (Conversion by Defendants Loge Group and Trudeau)

18. The Receiver incorporates by reference the allegations contained in paragraphs 1 through 17 above.

19. Based on the series of events described in paragraph 12 above, defendants Loge Group and Trudeau improperly removed and converted for their own use over $3 million from Administrators without giving any consideration for such funds.

20. The Receiver has the duty to recover assets for the benefit of the creditors of Administrators that have been improperly removed from Administrators. The Receiver has demanded that defendants Loge Group and Trudeau restore those assets, but defendants have failed to respond to the Receiver's demand.

21. Based on the improper removal of assets, the Receiver for Administrators, acting on behalf of the creditors of Administrators, has been damaged in the amount of $3,247,036.81.

## COUNT II

### (Breach of Fiduciary Duty by Defendants Loge Group and Trudeau)

22. The Receiver incorporates by reference the allegations contained in paragraphs 1 through 21 above.

23. Defendants Loge Group and Trudeau, through a series of subsidiaries under their control, had the ultimate control of Administrators before the Receiver was appointed in June 2008.

24. As persons with ultimate control of Administrators, defendants Loge Group and Trudeau had a fiduciary duty to the officers, directors and creditors of the Administrators.

25. Defendants Loge Group and Trudeau breached their fiduciary duty by presenting false financial statements to support the borrowing activities of Administrators, presenting false financial statement to regulators in those states in which Administrators was licensed to do business and by improperly converting over $3 million is assets from Administrators.

26. The Receiver and the creditors, for whose benefit the Receiver was appointed, has been damaged as a result of the breaches of their fiduciary duty by defendants Loge Group and Trudeau.

## COUNT III

### (Fraud by Defendants Loge Group and Trudeau)

27. The Receiver incorporates by reference the allegations contained in paragraphs 1 through 26 above.

28. The shareholders, officers, directors and employees of Administrators relied on defendants Loge Group and Trudeau to exercise fair and reasonable controls over the finances of Administrators.

29. When he was appointed Receiver for Administrators, the Receiver became the manager of the company, and he also had the right to rely on the books and records of the company as presenting a true picture of the financial condition of the company.

7

30. The actions of defendants Loge Group and Trudeau in intentionally and improperly booking contributions to capital as loans and improperly increasing the inter-company balance due by Administrators, solely for the purpose of later removing money from Administrators without consideration, as described in paragraph 12 above, constitutes fraud.

31 As a result of the fraudulent conduct of defendants Loge Group and Trudeau, the Receiver for Administrators has been damaged in the sum of $3,247,036.81.

## COUNT IV

(Negligence and Aiding/Abetting by Defendants Simione Macca and Macca)

32. The Receiver incorporates by reference the allegations contained in paragraphs 1 through 31 above.

33. Defendants Simione Macca and Macca conducted the audits of Administrators' financial records for the years 2006 and thereafter.

34. Defendants Simione Macca and Macca were or should have been aware that defendants Loge Group and Trudeau had artificially inflated the inter-company balance account due by Administrators to affiliates, and that they had improperly removed over $3 million in assets from Administrators without consideration.

35. Defendants Simione Macca and Macca failed to properly identify the accounting errors and improper transfers of money, as described in paragraph 12 above, in their audit reports or provide recommendations on how to correct the problems as a condition to releasing their audit reports. As a result, defendants Loge Group and Trudeau were able to improperly convert assets of Administrators and claim that Administrators was merely

8

paying down its inter-company balance. As a result, Administrators had less money available to pay its creditors.

36. Based on their negligence and/or their active collusion, defendants Simione Macca and Macca released "clean" audit reports for Administrators for the years 2006 and thereafter. These incorrect audit reports were released to shareholders, lenders and regulators in those states in which Administrators was licensed to do business.

37. As a result of their negligence and/or their active assistance, the actions and failures to act by defendants Simione Macca and Macca provided a basis for defendants Loge Group and Trudeau to claim that Administrators had a significant inter-company balance due. Defendants Loge Group and Trudeau then improperly removed assets from Administrators and disbursed those assets to themselves. Defendants Simione Macca and Macca assisted defendants Loge Group and Trudeau by hiding the facts from creditors and other interested parties, including the Receiver for Administrators.

38. The Receiver for Administrators has been damaged in the amount of the fees paid to defendants Simione Macca and Macca for their defective audits and for their failure to properly report the illegal removal of assets from Administrators.

WHEREFORE, the Receiver demands the following relief:

A. A judgment against defendants Loge Group and Trudeau pursuant to Counts I, II and III for damages equal to the amount of money illegally removed from the assets of Administrators, which is in excess of $25,000.

B. A judgment against defendants Simione Macca and Macca, pursuant to Count IV, for damages equal to the fees charged by these defendants and for other compensatory damages to be proven at trial, which are in excess of $25,000.

C. For his expenses in filing this complaint and pursuing the claim, including his forensic accounting fees and expenses and his legal fees and expenses, to expose the wrongdoings by the defendants.

D. For such other relief as this Court may find necessary and proper.

Nelson E Genshaft. (0011023)
Strip, Hoppers, Leithart, McGrath & Terlecky Co., LPA
575 South Third Street
Columbus, Ohio 43215-5759
Telephone:  (614) 228-6345
Facsimile:  (614) 228-6369
E Mail:  neg@columbuslawyer.net
*Attorney for Plaintiff AC Strip, Receiver for CBCA Administrators, Inc*

## JURY DEMAND

Pursuant to Ohio Civil Rule 38, plaintiff hereby requests that all triable issues be tried to a jury.

Nelson E Genshaft (0011023)