# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION


**AC STRIP, RECEIVER FOR**
**CBCA ADMINISTRATORS, INC.,**

       **Plaintiff,**

                                **Civil Action 2:10-cv-081**
**vs.**                                    **Judge Graham**
                                        **Magistrate Judge Deavers**


**THE LOGE GROUP, LLC,** *et al.*,

       **Defendants.**


## REPORT AND RECOMMENDATION

On February 10, 2010, Defendants filed their Motion to Transfer Venue to the United States District Court for the District of Connecticut (Doc. 7) pursuant to 28 U.S.C. § 1404(a). Defendants assert that a variety of private interests support transfer including the location of sources of proof, the location of witnesses, and the fact that there are four Defendants to only one Plaintiff. Defendants also contend that public interest factors weigh in favor of transfer, asserting that the litigation is significant to the state of Connecticut. Plaintiff opposes Defendants' Motion to Transfer Venue, contending that transfer would inconvenience both the Plaintiff and its witnesses. Plaintiff also asserts that Ohio is the more appropriate forum because it believes Ohio law will govern this case.

Section 1404 provides the standard for transfer of venue: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The threshold issue under § 1404(a) is whether the action could be brought in the transferee court. *Kay v. Nat'l City*

*Mortg. Co.*, 494 F. Supp. 2d 845, 849 (S.D. Ohio 2007). If a case could have been brought in the court "the issue becomes whether transfer is justified under the balance of the language of § 1404(a)." *Id.* The moving party bears the burden to establish a need for transfer. *Kay*, 494 F. Supp. 2d at 849–50 (citing *Jamhour v. Scottsdale Ins. Co.*, 211 F. Supp. 2d 941, 945 (S.D. Ohio 2002)). The Court must give Plaintiff's choice of forum considerable weight, although this factor is not dispositive. *Lewis v. ACB Bus. Serv., Inc.*, 135 F.3d 389, 413 (6th Cir. 1998); *Phillippe v. Allen County Child Support*, No. 07-CV-700, 2007 WL 4460625 at *2 (S.D. Ohio 2007).

Several factors influence the Court's § 1404(a) determination, including "the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness." *Moore v. Rohm & Haas Co.*, 446 F.3d 643, 647 n.1 (6th Cir. 2006) (quoting *Moses v. Bus. Card Exp. Exp., Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991)). Transfer pursuant to § 1404 must be "to a *more* convenient forum, not to a forum likely to prove equally convenient or inconvenient." *Van Dusen v. Barrack*, 376 U.S. 612, 645–46 (1964) (emphasis added). When a party moves for change of venue based on inconvenience to witnesses or the burden of transporting documents, the party should provide specific evidence of inconvenience. *See Pearle Vision, Inc. V. N.J. Eyes, Inc.*, No. 1:08-CV-190, 2009 WL 73727 at *8 ("Defendants have not identified their witnesses nor have they offered any evidence that their witnesses would be unable or unwilling to provide testimony at a trial in this District."); *AMF, Inc. V. Computer Automation, Inc.*, 532 F. Supp. 1335, 1340 (S.D. Ohio 1982) (holding that, under the circumstances of the case, "the location of documentary materials does not furnish justification for transfer").

In this case, Defendants do not contend that the action could not be brought in this Court. Rather, Defendants contend that the United States District Court for the District of Connecticut is a more convenient forum for this action. Specifically, Defendants assert that transfer is proper because Defendants, Defendants' witnesses, and Defendants' evidence are all located in Connecticut. Defendants also emphasize that they outnumber Plaintiff four to one. Plaintiff counters by asserting that transfer to Connecticut would be equally inconvenient for the Plaintiff and its witnesses, which are primarily located in Ohio. Furthermore, Plaintiff contends that Defendants performed audits in Ohio and that witnesses who assisted with these audits are based in Ohio. Plaintiff also notes that CBCA's records are located in Ohio.

Defendants have failed to meet their burden to establish a need for transfer. While the United States District Court of the for the District of Connecticut would be more convenient for Defendants, it would also be more inconvenient for Plaintiff. Transfer of venue is not appropriate when transfer "would only shift the inconvenience from one party to another." *Shanehchian v. Macy's, Inc.*, 251 F.R.D. 287, 292 (S.D. Ohio 2008). Furthermore, Defendants have failed to assert that witnesses would be unable or unwilling to participate in Ohio, nor have Defendants demonstrated any significant hardship in the transportation of evidence to Ohio. With nothing more, the Court is unwilling to dishonor Plaintiff's choice of forum simply because Defendants outnumber Plaintiff four to one.[1]

Accordingly, it is RECOMMENDED that the Court DENY Defendants' Motion to Transfer Venue to the United States District Court for the District of Connecticut (Doc. 7).

---

[1] In their motion, Defendants briefly suggest that public interests weigh in favor of transfer. The Court finds that both Connecticut and Ohio have an interest in this litigation, and therefore, the public interests involved in this case do not alter the transfer decision. Therefore, the Court will not address the choice of law issue raised in Plaintiff's Memorandum in Opposition and Defendant's Reply.

Under the provisions of 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and Eastern Division Order No. 91-3, pt. F, 5, either party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by the District Judge. The motion must specifically designate the Order, or part thereof, in question and the basis for any objection thereto. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

April 14, 2010                  <u>    /s/ *Elizabeth A. Preston Deavers*    </u>
                                         Elizabeth A. Preston Deavers
                                         United States Magistrate Judge