UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


AC STRIP, RECEIVER FOR
CBCA ADMINISTRATORS, INC.,

        Plaintiff,

                                  Civil Action 2:10-cv-081
vs.                            Judge James L. Graham
                                  Magistrate Judge E.A. Preston Deavers


THE LOGE GROUP, LLC, *et al.*,

        Defendants.


### OPINION AND ORDER

This matter comes before the Court for consideration of Defendants' Objections to the April 14, 2010 Report and Recommendation of the Magistrate Judge.  The Magistrate Judge recommended that the Court deny Defendants' Motion to Transfer Venue to the United States District Court for the District of Connecticut.  For the reasons that follow, the Court **OVERRULES** Defendants' objections and **ADOPTS** the Magistrate Judge's Report and Recommendation.

## I.  BACKGROUND

Plaintiff, A.C. Strip, filed this action as Receiver for CBCA Administrators, Inc. ("Administrators") in the Franklin Court of Common Pleas.  Defendants removed the action to this Court on January 28, 2010.  The Complaint alleges that Defendant Loge Group, LLC ("Loge Group"), an affiliate of Administrators, and Defendant Donald Trudeau, a Managing Member of Loge Group, "conspired to loot the assets of Administrators" and in doing so committed conversion, fraud, and breached their fiduciary duties.  (Compl. ¶¶ 12–13, 18–31.)  Furthermore,

Plaintiff accuses Defendant Simione, Macca & Larrow LLP, certified public accountants (hereinafter "SML"), and Defendant Carmen Macca of negligence and/or aiding Defendants Loge Group and Trudeau when SML conducted audits of Administrators' financial records. (Compl. ¶ 32–38.)

On February 10, 2010, Defendants moved this Court to transfer venue to the District of Connecticut.  In their Motion to Transfer Venue, Defendants assert that Connecticut is the most convenient forum because Defendants are all located in Connecticut; Defendants records are located in Connecticut; Defendants' employees, who would serve as witnesses at trial, also reside in Connecticut; and Defendants outnumber Plaintiff four to one.  (Defs.' Mot. to Transfer Venue 4–5.)  Additionally, Defendants argue that Plaintiff's allegation center around the merger of two entities, CBCA, Inc. and Defendant Loge Group, both of which are located in Connecticut.  (Id. at 5; Compl. ¶ 12a.)  In reply, Defendants also note that CBCA Pharmacy Benefits Management Co., an affiliate of Administrators and Defendant Loge Group referenced in Plaintiff's Complaint, is a citizen of Connecticut.  (Defs.' Reply in Supp. of Mot. to Transfer Venue 3; Compl. ¶ 12b.)

Plaintiff opposes Defendants' Motion to Transfer Venue.  Plaintiff specifically contends that Plaintiff is located in Columbus, Ohio; the forensic accountants that Plaintiff will rely on as witnesses are located in Columbus, Ohio; Defendants SML and Macca performed their audits of Administrators in Ohio;[1] and witnesses who assisted with these audits are based in Ohio.  (Pl.'s Mem. in Opp'n to Mot. to Transfer Venue 2–3.)  Plaintiff asserts in its Complaint that

---

[1] In their Objection to the Report and Recommendation, Defendants contend that this characterization is misleading and that in addition to Ohio, some audits were performed in Texas.  (Defs.' Objection to Report and Recommendation 10.)

Administrators is a Delaware corporation with its headquarters in Franklin County, Ohio. (Compl. ¶ 2.)  Furthermore, Plaintiff maintains that the employees of Administrators that it intends to call as witnesses, including Administrators' Chief Financial Officer, are located in Columbus, Ohio.[2]  (Pl.'s Mem. in Opp'n to Mot. to Transfer Venue 3.)  Additionally, Plaintiff asserts that Administrators' records are located in Ohio, and that it was Plaintiff's investigation of these records that led it to bring claims against Defendants.  (*Id.* at 5.)

The Report and Recommendation applied a traditional 28 U.S.C. § 1404(a) analysis, placing the burden on Defendants to establish a need for transfer and giving Plaintiff's choice of forum weight.  (Report and Recommendation 2.)  Based on the facts that the parties had presented at that time, the Magistrate Judge found that Defendants had failed to meet their burden.  (*Id.* at 3.)  The Magistrate Judge concluded that transfer of venue in this case would only serve to shift the inconvenience from Defendants to Plaintiff.  (*Id.*)

Defendants objected to the Report and Recommendation on April 14, 2010.  Defendants' primary argument is that the Magistrate Judge should have shifted the burden to Plaintiff to show that Ohio was the more convenient forum. (Defs.' Objection to Report and Recommendation 1–2.)  Defendants base this argument on a mediation-arbitration agreement that existed between Defendant SML and Plaintiff.[3]  Defendants did not present this agreement to the Magistrate

---

[2] Defendants, for the first time in their Objection, assert that the Administrators' officers involved in the relevant transactions, Andy Compton and Brian Buchanan, are located in Texas and California.  (Defs.' Objection to Report and Recommendation 10; Macca Aff. ¶ 4, Ex. 1 at 25–26.)

[3] The same agreements also exist between Defendant SML and Defendant Loge Group. (Macca Aff. ¶ 2, Ex. 1 at 5–16.)

3

Judge before she issued her Report and Recommendation.[4]  Defendants also contend that even if the Court does not shift the burden to Plaintiff, the Report and Recommendation was clearly erroneous in its application of transfer of venue factors.  (*Id.* at 9–12.)

## II.  STANDARD OF REVIEW

When a party objects to a magistrate judge's report and recommendation considering a nondispositive issue "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A).  "'The 'clearly erroneous' standard applies only to factual findings made by the Magistrate Judge, while her legal conclusions will be reviewed under the more lenient 'contrary to law' standard.'"  *Candela Management Group, Inc. v. Taco Maker, Inc.*, No. 2:08-cv-1138, 2010 WL 1253552, at *3 (S.D. Ohio March 31, 2010) (quoting *Gandee v. Glaser*, 785 F.Supp. 684, 686 (S.D. Ohio 1992)).

"A factual finding is clearly erroneous where, although there is evidence to support that finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Russell*, 595 F.3d 633, 646 (6th Cir. 2010) (quoting *United States v. Ware*, 282 F.3d 902, 907 (6th Cir. 2002)) (internal quotation omitted). "A district court's review under the 'contrary to law' standard is plenary, and the court may set aside any legal conclusions that 'contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent.'"  *Ridenour v. Collins*, 692 F. Supp.2d 827, 829 (S.D.

---

[4] Plaintiff filed a motion seeking to strike the affidavit because it presented evidence, which was previously available, that Defendants had failed to bring before the Magistrate Judge at the time of her Report and Recommendation.  (Pl.'s Mot. To Strike 1–2.)  The Court denied Plaintiff's Motion, citing its discretion to revisit interlocutory orders.  (Doc. 10 at 2.)

Ohio 2010) (quoting *Gandee v. Glaser*, 785 F.Supp. 684, 686 (S.D.Ohio 1992)).

## III.  LEGAL ANALYSIS

A.  <u>Transfer of Venue</u>

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  In balancing convenience, the Court must consider a number of factors such as "the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'"  *Moore v. Rohm & Haas Co.*, 446 F.3d 643, 647 n.1 (6th Cir. 2006) (quoting *Moses v. Bus. Card Exp. Exp., Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991)).  "Ultimately . . . the decision whether to transfer venue under § 1404(a) is committed to the sound discretion of the trial court."  *Levy v. Cain, Watters & Assocs., P.L.L.C.*, No. 2:09-cv-723, 2010 WL 271300, at *9 (S.D. Ohio Jan. 15, 2010); *Reese v. CNH Am. LLC*, 574 F.3d 315, 320 (6th Cir. 2009) ("As the permissive language of the transfer statute suggests, district courts have 'broad discretion' to determine when party 'convenience' or 'the interest of justice' make a transfer appropriate.").

The parties do not dispute that Plaintiff could have brought this case in either Ohio or Connecticut.  Thus, the Court must balance the factors under Section 1404(a).  When balancing the 1404(a) factors, "the Court does not start with the assumption that the case should proceed in whichever forum is slightly more advantageous to the parties or the witnesses."  *Levy*, 2010 WL 271300, at *9 (quoting *The Painting Co. v. Dist. Council No. 9, Int'l Union of Painters & Allied Trades*, 185 L.R.R.M. 2462, 2478 (S.D. Ohio 2008)).  Instead, the Court generally places "the

burden of establishing the need for a transfer of venue" on the moving party.  *Kay v. Nat'l City Mortg. Co.*, 494 F. Supp. 2d 845, 849–50 (S.D. Ohio 2007) (citing *Jamhour v. Scottsdale Ins. Co.*, 211 F.Supp.2d 941, 945 (S.D. Ohio 2002)).  Although it is not a dispositive factor, the Court must give Plaintiff's choice of forum weight.  *Lewis v. ACB Bus. Serv., Inc.*, 135 F.3d 389, 413 (6th Cir. 1998); *see also Levy*, 2010 WL 271300 at *9 (internal quotation omitted) ("[I]t has long been held that the plaintiff's choice of a forum is entitled to considerable weight . . . .").  Accordingly, "'unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.'"  *Reese v. CNH Am. LLC*, 574 F.3d 315, 320 (6th Cir. 2009) (quoting *Dowling v. Richardson-Merrell, Inc.*, 727 F.2d 608, 612 (6th Cir. 1984)).

    B.  <u>Burden Shifting</u>

    Defendants maintain that the mediation and arbitration clause within the agreement between SML and Plaintiff requires the Court to shift the burden to Plaintiff to demonstrate that this forum is more convenient.  The relevant agreement between Plaintiff and Defendant SML, which Defendants characterize as a forum selection clause, provides in pertinent part:

> Should the designated representatives be unable to agree on a resolution, a competent and impartial third party acceptable to both parties shall be appointed to mediate. . . .  In the event that the dispute is required to be arbitrated, the arbitrator(s) shall assess arbitration and mediation costs against any party found not to have participated in the mediation process in good faith.  Should mediation fail to produce a result acceptable to both parties, the dispute shall be submitted to binding arbitration under the rules of the American Arbitration Association in Hartford, Connecticut.

 (Macca Aff. ¶ 9, *e.g.* Ex. 1 at 20.)

    The United States Court of Appeals for the Sixth Circuit has recognized that the Court should consider forum selection clauses within the Section 1404(a) balancing analysis. *See Langley v. Prudential Mortg. Capital Co., LLC*, 546 F.3d 365, 369 (6th Cir. 2008) (citing

*Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 32 (1988)).  As Plaintiff correctly notes, some federal courts, including this Court, have "shifted the burden to the party opposing transfer as a result of a valid forum-selection clause."  *Taco Maker*, 2010 WL 1253552, at *5 (S.D. Ohio March 31, 2010); *see also Viron Intern. Corp. v. David Boland, Inc.*, 237 F. Supp. 2d 812, 815 (W.D. Mich. 2002).  As this Court has recently explained:

> The Sixth Circuit has not decided whether a forum-selection clause shifts the burden of proof to the opponent of the clause . . . . [and] district courts within the Circuit have taken both sides of the issue, [but] there is a discernable trend throughout the Circuit to shift the burden to the opponent of the forum-selection clause.

*Taco Maker*, 2010 WL 1253552 at 4.

A primary justification for burden shifting is the notion that when a valid forum-selection clause exists, the party opposing the clause has already "contractually agreed to litigate in a particular forum."  *Viron*, 237 F. Supp 2d at 815; *Taco Maker*, 2010 WL 1253552, at *5.  Accordingly, the cases in which this Court has chosen to shift the Section 1404(a) burden have all involved general forum selection clauses, in which a party has agreed to litigate the dispute in a particular court-forum.  *See, e.g.*, *Taco Maker*, 2010 WL 1253552, at *1 (involving the parties' agreement to bring any action in Puerto Rico); *Egrsco, LLC v. Evans Garment Restoration, LLC*, 2009 WL 3259423, at *5 (S.D. Ohio Oct. 8, 2009) (parties agreed that all actions arising from their agreement should be commenced in the state or federal court closest to the defendant's personal place of business); *Tieman v. Victaulic Co.*, 2007 WL 397054, at *3 (S.D. Ohio Jan. 31, 2007) (agreement to litigate all claims in Pennsylvania).  When the clause at issue relates exclusively to an arbitration forum selection, as opposed to an agreement to submit to a court with jurisdiction in which to maintain civil litigation, this Court has not engaged in burden

shifting.  *See Levy*, 2010 WL 271300, at 8–9 ("[T]he Court concludes that the arbitration forum selection clause does not dictate the location of any civil action . . . . Accordingly, the Court denies Defendant's Motion to Transfer to the extent that it requests transfer based upon the Agreement.")

In this case, the Court finds that the arbitration clause that Defendants cite does not shift the burden for transfer of venue purposes.  The arbitration clause in this case is nearly identical to the clause involved in *Levy*.  *See* 2010 WL 271300, at *8.  Specifically, the clause is not a general forum selection clause, as it does not provide any indication of where civil litigation should take place.  Rather, the clause in the agreements has a limited reach and provides that disputes between Defendant SML and Plaintiff should be resolved through mediation, and if necessary, by arbitration in Hartford Connecticut.  (Defs.' Objection to Report and Recommendation Ex. 1 at 20.)  Because the clause at issue is merely an arbitration forum selection and Plaintiff has not actually agreed to litigate in any particular jurisdiction, the Court is unwilling to shift the burden to Plaintiff particularly in light of an absence of any precedent from the Sixth Circuit elucidating the propriety of this paradigm in the context of motions to transfer venue.

C. <u>Balancing under Section 1404(a)</u>

Defendants maintain that even if the burden does not lie with Plaintiff, the Court should find that Connecticut is the proper venue when considering the conventional Section 1404(a) factors.  Nevertheless, after reviewing the facts, the Court is unwilling to conclude that the Magistrate Judge's findings in her Report and Recommendation were clearly erroneous.  Furthermore, when considering the contentions and factual assertions in Defendants' Objections,

many of which they raise for the first time, the Court still finds that Defendants have failed to meet their burden to establish the need for transfer.

In this case, based on the parties' factual assertions, various factors weigh in favor of each forum.  Plaintiff, the Receiver for Administrators, is located in Columbus, Ohio and Administrators is headquartered in Franklin County, Ohio.[5]  (Compl. ¶ 2.)  Furthermore, the Administrator's Records are located in Ohio.  All of the Defendants and their documents, however, are located in Connecticut.  Certain third party witnesses, such as Plaintiff's forensic accountants, are located in Ohio, while other third parties of interest, such as Defendants' affiliates named in Plaintiff's Complaint, are located in Connecticut.  Other potential witnesses, in particular the employees of Administrators to whom Defendants refer in their Objections, are located in Texas and California, and would be equally inconvenienced by either forum.

Many of Defendants' contentions revolve around the fact that Defendants' employees are located in Connecticut, and these employees, as potential witnesses, are more numerous than the witnesses who reside in Ohio.  (*See* Defs.' Objection to Report and Recommendation 10, Ex. 1 at 22–26.)  This Court has, nevertheless, indicated that "the convenience of witnesses who are employees of a party is generally not given as much consideration as is given to other witnesses."  *Fusi v. Emery Worldwide Airlines, Inc.*, No. C-3-07-039, 2007 WL 4207863, at *6 (S.D. Ohio Nov. 23, 2007) (citing *Zimmer Enterprises, Inc. v. Atlandia Imports, Inc.*, 478 F.Supp.2d 983, 991 (S.D. Ohio 2007)).  Because the majority of the witnesses Defendants

---

[5] Defendants' Objections never actually assert that Administrators is headquartered outside Ohio, although they do contend that the Loge Company, Inc., operated Administrators and is located in Connecticut.  (Defs.' Objection to Report and Recommendation 10.) Defendants' affidavits do concede that Administrators' C.F.O. and Senior Accountant are located in Columbus, Ohio.  (Macca Aff. ¶ 4, Ex. 1 at 24.)

9

contend will be inconvenienced by an Ohio forum are, in fact, their own employees, the Court finds that this factor does not weigh strongly in favor of transfer.

Defendants further assert that the contacts the transactions had with each proposed forum should lead the Court to conclude that Connecticut is the proper forum.  Defendants correctly maintain that the chief claims in the Complaint involve a merger between two Connecticut entities.  Defendants, however, admit that at least a portion of the audits Plaintiff challenges took place in Ohio.  (Defs.' Objection to Report and Recommendation 10.)  Furthermore, Defendants seem to ignore the fact that Plaintiff's investigation into Administrators' books and records, which are located in Ohio, ultimately led Plaintiff to bring the instant action.  (*See* Pl.'s Mem. in Opp'n to Mot. to Transfer Venue 5.)  Because at least part of the events giving rise to Plaintiff's claims occurred in Ohio, the Court is not persuaded this factor assists Defendants to overcome their burden.  *See Pearle Vision, Inc. V. N.J. Eyes, Inc.*, No. 1:08-CV-190, 2009 WL 73727, at *9 (S.D. Ohio Jan. 6, 2009) ("Even if a more substantial part of the events . . . might have occurred in the [Defendants' preferred district], this is not a dispositive factor here when examined in the totality of circumstances.").

As the Magistrate Judge noted in her Report and Recommendation, Defendants have failed to provide specific evidence establishing the hardship that would result from litigating in Ohio.  The Affidavit attached to Defendants' Objections indicates that at least one Defendant would incur significant costs in transporting documents if the litigation is in Ohio (Aff. of Carmen J. Macca ¶ 5).  The Court notes that Defendants fail to indicate that such costs would be unreasonably high or, for that matter, significantly more than Plaintiff would endure if the case is tried in Connecticut.  Furthermore, Defendants have not produced any evidence that their

10

witnesses would be unable or unwilling to participate in Ohio litigation.  *See Pearle Vision*, 2009

WL 73727, at *8 (noting that the defendants involved had not offered "any evidence that their

witnesses would be unable or unwilling to provide testimony at a trial in this District.").

Finally, the Court has also considered whether the arbitration clause itself assists

Defendants in their effort to satisfy their burden.  Even if the Court gives some weight to the

arbitration forum selection provision, which compels some of the parties to mediate in

Connecticut,  the agreement involves Plaintiff's secondary claim, related to the audits of

Administrator.  Plaintiff did not enter such an agreement with Defendants Trudeau and Loge

Group.  Plaintiff alleges that these Defendants are the principal tortfeasors and the claims against

SML and Macca are derivative.  Furthermore, Defendants SML and Macca are free to file a

motion to compel arbitration, regardless of whether the litigation occurs in Ohio or Connecticut.[6]

In summary, the Magistrate Judge's Report and Recommendation was not clearly

erroneous because Defendants have not met their burden to establish a need for transfer.  Even if

Defendants' evidence, viewed altogether, combines to show that Connecticut is a slightly more

advantageous forum, the Court is unwilling to hold that the factors involved "clearly point

---

[6] In their Objections, Defendants also contend that the Court should consider the public policy factors of holding parties to their contracts and the importance of forum selection clauses in multi-jurisdictional business settings. (Defs.' Objection to Report and Recommendation 11.) In response to these contentions, the Court reiterates that the parties did not agree to a general forum selection clause in this case.  Rather, Plaintiff and Defendant SML agreed that they would submit first to mediation, and, failing there, to arbitration in Connecticut.  They made no agreement regarding the proper jurisdiction of any civil litigation.  The Court also notes that the clause at issue purports to limit Defendants' liability for damages, "not [to] exceed the total amount paid for services described therein."  (Macca Aff., Ex. 1 at 20.)  The effect of this limitation, along with all matters of interpretation of the contract, should lie with the arbitrator. Under the circumstances, the Court finds that a motion to compel arbitration would better serve the public policies Defendants emphasize are at issue here.

11

towards trial in the alternative forum." *Twenty First Century Commc'ns, Inc. v. TechRadium, Inc.*, No. 2:09-cv-1118, 2010 WL 3001721, at *3 (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981)).  Additionally, the Court recognizes that "[t]ransfer is inappropriate if it merely shifts the burden of inconvenience." *Id.*  Because various factors support Plaintiff's choice of forum, and because Defendants have not demonstrated that Connecticut is clearly more convenient, the Court will not disturb Plaintiff's selection of Ohio in which to bring its lawsuit.

## IV.  CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Defendants' Objections to Report and Recommendation (Doc. 15) and **ADOPTS** the Magistrate Judge's Report and Recommendation (Doc. 14).  Accordingly, Defendants Motion to Change Venue (Doc. 7) is **DENIED**.

It is so **ORDERED**.

s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

**DATE**: August 19, 2010